HERBERT L. GRINNELL v. ELEANOR F. GRINNELL.—
Concur — Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT L. BRADFORD v. HENRY J. NOBLE, as Warden of the Penitentiary of the City of New York, Rikers Island.— Concur —
Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.

(Republished.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADRIAN ROSA and ANIBAL COLON, Appellants.—

Although the proof of guilt was persuasive, the prejudicial remarks of the prosecutor during summation served to deprive defendants of a fair trial. Such remarks could not be effectively neutralized by curative instructions. The manner in which repeated references were made in the summation to extra-judicial admissions implicating codefendants in this multiple-defendant trial was calculated to induce improper consideration of the evidence by the jury (*People* v. *Lombard,* 4 A D 2d 666, 671). Persistent efforts of the prosecutor, despite the Trial Judge's repeated rulings, to imply that defense counsel may have induced one of the defendants, not represented by him, to reopen his case and give certain testimony went considerably beyond the bounds of proper advocacy. It was also improper for the prosecutor to advise the jury that the presumption of innocence was intended only for the innocent. The court's ambivalent correction did not cure the vice of the statement. The tactics of the prosecutor were below tolerable standards, and the proof of guilt cannot serve as an excuse for overlooking conduct prejudicial to both defendants which pervaded the trial (*People* v. *Steinhardt,* 9 N Y 2d 267; cf. *People* v. *Angora,* 13 A D 2d 72). Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.